USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-12-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA TOMPKINS,

          Plaintiff,

- against -

ALLIED INTERNATIONAL UNION, et al.,

          Defendants.

REPORT AND
RECOMMENDATION

09 Civ. 8466 (SHS) (RLE)

To the HONORABLE SIDNEY H. STEIN, U.S.D.J.:

## I. INTRODUCTION

On October 6, 2009, *pro se* Plaintiff Cynthia Tompkins filed a Complaint against Local 32BJ SEIU, and Allied International Union alleging violations of Title I of the Labor Management Reporting and Disclosure Act ("LMRDA"). On March 31, 2010, Tompkins filed a motion to amend her Complaint, adding Mayor Michael Bloomberg, the New York City Office of the Comptroller, and AlliedBarton Security Services. For the reasons that follow, I recommend that Tompkin's motion be **GRANTED** as to AlliedBarton Security Services, and **DENIED** as to Mayor Michael Bloomberg, and the New York City Office of the Comptroller.

## II. DISCUSSION

### A. Legal Standard

Generally, leave of court to amend pleadings should be freely given "when justice so requires." FED. R. CIV. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998);

*see Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend may be denied "where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." *Satcom Intern. Group PLC v. ORBCOMM Intern. Partners, L.P.*, No. 98 Civ. 9095 (DLC), 2000 WL 729110, at *23 (S.D.N.Y. June 6, 2000). "The burden to explain a delay is on the party that seeks leave to amend." *Id.* The Court considers many factors when determining prejudice, including but not limited to, "whether opposing counsel would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay the resolution of the dispute." *See Lacher v. C.I.R.*, 32 Fed. Appx. 600, 603, 2002 WL 480576 at *3.

## B. Tompkins's Allegations against AlliedBarton are Sufficient to Allow Amendment to the Complaint

Tompkins's motion seeks to add three parties, namely, Mayor Michael Bloomberg, the New York City Office of the Comptroller ("Comptroller"), and AlliedBarton Security Services ("AlliedBarton"). In her proposed amended complaint, she alleges that "all parties are in collusion" and that she is supposed to "make more money." (*See* Plaintiff's Motion to Amend the Complaint ("Pl.'s Mot.").) The only allegation she makes as to AlliedBarton concerns the collective bargaining agreement. (*Id.* at 3.) Specifically, she claims that "Local 32BJ SEIU never told me or disclosed the collective bargaining between them, the city, Allied International Union, and AlliedBarton." (*Id.*) She asserts that she did not receive any of the benefits of the collective bargaining agreement once Local 32BJ SEIU took over the contract. (*Id.*) She also claims that she has been "employed by AlliedBarton Security for eight years." (*Id.* - unlabeled exhibit.)

2

Tompkins's claims do not actually make any allegations of wrongdoing against AlliedBarton. Any mention of AlliedBarton is only related to any alleged wrongdoing by Local 32BJ SEIU. Nor does Tompkins allege that she pursued any grievance process with AlliedBarton, as dictated by the collective bargaining agreement. *See DelCostello v. Teamsters*, 462 U.S. 151, 163 (1983). However, Tompkins asserts in her Original Complaint that Local 32BJ acted in a "discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *See* Compl.; *DelCostello*, 462 U.S. at 164. "In such an instance, an employee may bring suit against both the employer and the union . . . ." *DelCostello*, 462 U.S. at 164. As such, I recommend that the proposed amendment to add AlliedBarton be **GRANTED.**

## C. Mayor Bloomberg and the Comptroller are Not Proper Parties and the Proposed Amendment is Futile

Tompkins seeks to add Mayor Bloomberg and the Comptroller. (*See* Pl.'s Mot.) Her only allegation as to Mayor Bloomberg appears to be that he met with Local 32BJ in April 2005, and therefore the parties have some sort of collusion agreement. (*Id.*) Her allegation is merely speculative and completely without merit. Not only does the fact that the Mayor met with Local 32BJ allege nothing, the Mayor is an improper party for a Title I lawsuit. Title I of the Labor Management Reporting and Disclosure Act ("LMRDA") concerns labor unions, not state agencies or agents. (*See* 29 U.S.C. §§ 410- 415.) As such, her motion to add Mayor Bloomberg should be **DENIED** as futile.

As to the Comptroller, Tompkins contends that "Local 32BJ representatives had the security guards complain to the Comptroller's Office . . . and nothing was done." (Pl.'s Mot. - unlabeled exhibit.) As is the case with the Mayor, her allegations as to the Comptroller are merely speculative and completely without merit. The Comptroller is also an improper party for

3

a Title I lawsuit. As such, her motion to add the Comptroller should be **DENIED** as futile.

### III. CONCLUSION

In conclusion, I recommend that Tompkins's motion be **GRANTED** as to AlliedBarton Security Services, and **DENIED** as to Mayor Michael Bloomberg, and the New York City Office of the Comptroller.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**Dated: April 12, 2010**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

4

**Copies of this Report and Recommendation were sent to:**

*Pro Se* Plaintiff
Cynthia Tompkins
816 East 214 Street, P.H.
Bronx, NY 10467

Counsel for Defendants
Andrew Lee Strom
Office of General Counsel SEIU
101 Avenue of Americas
New York, NY 10013
*Counsel for Local 32BJ SEIU*

David A. Mintz
Weissman & Mintz L.L.C.
80 Pine Street, 33rd Floor
New York, NY 10005
*Counsel for Allied International Union*