UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA TOMPKINS,

         Plaintiff,

  - against -

LOCAL 32BJ, SEIU, et al.,

         Defendants.

**REPORT AND RECOMMENDATION**

09 Civ. 8466 (SHS) (RLE)

To the HONORABLE SIDNEY H. STEIN, U.S.D.J.:

## I. INTRODUCTION

On October 6, 2009, *pro se* Plaintiff Cynthia Tompkins filed the instant Complaint alleging the violation of Title 1 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411- 415. Pending before the Court is a motion by Defendant AlliedBarton Security Services, LLC ("AlliedBarton") to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] (Doc. No. 38.) For the reasons that follow, I recommend that Defendant's Motion be **GRANTED**.

## II. BACKGROUND

Tompkins asserts that AlliedBarton failed to pay her at the salary level designated for a "Level II guard" by a contract between AlliedBarton and the New York City Department of Citywide Administrative Services ("DCAS"). Tompkins's Complaint does not set forth allegations and facts systematically, but the Court will construe the allegations liberally in accordance with Tompkins's *pro se* status. However, in construing her allegations, the Court notes two oddities of the Complaint: (1) at times, Tompkins refers to herself as Kyle Jiggetts,

---

[1] Tompkins's claims against the other Defendants in this case were dismissed by Judge Stein on September 28, 2010.

who has brought several similar lawsuits in this District; and (2) pages five through eleven of Tompkins's Complaint are identical to the complaint in *Jiggets v. Local 32BJ, et al.*, 09 Civ. 8472, and appear to allege events participated in by Jiggetts, not Tompkins. Nevertheless, the Court has assessed Tompkins's allegations considering the entirety of her Complaint.

Tompkins asserts that she and most of the other security guards employed by AlliedBarton and working under the DCAS contract were paid the salary designated for Level I guards despite being classified as Level II guards. (Compl. at 4.) AlliedBarton argues that Tompkins's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Tompkins's claim that she should have received Level II pay is barred by the doctrines of collateral estoppels and *res judicata*. (AlliedBarton's Mem. of Law in Supp. of Its Mot. to Dismiss ("AlliedBarton Mem.") at 5-6.) It also argues that the Complaint should be dismissed for a lack of subject matter jurisdiction under Rule 12(b)(1) because the LMRDA does not provide a cause of action against employers. (*Id.* at 8.)

### III. DISCUSSION

### A. Standard of Review for Dismissal Under 12(b)(1)

In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume as true the factual allegations in the complaint. *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings. *Filetech S.A. v. France Telecom, S.A.*, 157 F.3d 922, 932 (2d Cir. 1998) (citing *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215 (1992)).

Case 1:09-cv-08466-SHS-RLE   Document 44   Filed 02/01/11   Page 3 of 8

A dismissal under Rule 12(b)(1) is proper when a plaintiff's federal claim is "so insubstantial, implausible . . . or otherwise devoid of merit as not to involve a federal controversy." *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 100 (2d Cir. 1990) (quoting *Oneida Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)); *see also AVC Nederland B.V. v. Atrium Inv. P'ship*, 740 F.2d 148, 152-53 (2d Cir. 1984) ("[W]hen the contested basis of federal jurisdiction is also an element of plaintiff's asserted federal claim, the claim should not be dismissed for want of jurisdiction except when it 'appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.' ") (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

In most cases, the court will consider a 12(b)(1) motion before ruling on any other bases for dismissal, since dismissal of an action for lack of subject matter jurisdiction will render all other accompanying defenses and motions moot. *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (1969)). Thus, a court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) should decide the jurisdictional question first, because "a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Magee v. Nassau County Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998); *see also Rhulen*, 896 F.2d at 678.

The situation is more complicated in federal question cases where the statute that creates the cause of action also confers jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187-88 (2d Cir. 1996). When the asserted basis for subject matter jurisdiction is an element of the plaintiff's federal cause of action, courts generally determine whether sufficient

3

basis for subject matter jurisdiction exists after they have examined the merits of the claim. *Id.* at 1189 (citing *Spencer v. Casavilla*, 903 F.2d 171, 173 (2d Cir. 1990)).

The nature of the present case requires the Court to consider the Rule 12(b)(6) motion in order to decide the Rule 12(b)(1) motion because subject matter jurisdiction in this action is invoked by alleging an adequate LMRDA claim.

## B. Standard of Review for Dismissal Under 12(b)(6)

Dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper only where plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The test is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). In reviewing a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true, and all reasonable inferences are drawn in the plaintiff's favor. *See EEOC v. Staten Island Sav. Bank*, 207 F.3d 144 (2d Cir. 2000); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Krimstock v. Kelly*, 306 F.3d 40, 47-48 (2d Cir. 2002). A court does not, however, have to accept as true "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994), *cert. denied*, 513 U.S. 1079 (1995) (citations omitted).

Generally, a *pro se* complaint is reviewed under a more lenient standard than that applied to "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). Plaintiffs' *pro se* pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that

4

they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (*quoting Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation and citations omitted). When a defendant challenges the sufficiency of a complaint by a motion under Rule 12(b)(6), "[t]o survive dismissal, the plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. V. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted). He must do more than plead mere "[c]onclusory allegations or legal conclusions masquerading as factual conclusions[,]" *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (quoting 2 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 12.34(1)(b) (3d ed. 1997)), and failure to plead the basic elements of a cause of action may result in dismissal. *Boomer v. Lanigan*, No. 00 Civ. 5540 (DLC), 2001 WL 1646725, at *2 (S.D.N.Y. Dec. 17, 2001).

## C. Tompkins's Claims Are Barred by the Doctrines of Collateral Estoppel and *Res Judicata*

### 1. Tompkins's Claims Are Barred by Collateral Estoppel

The doctrine of collateral estoppel, also known as issue preclusion, "prevents a party from relitigating an issue of fact or law that has been decided in an earlier suit." *Wilder v. Thomas*, 854 F.2d 605, 617 (2d Cir. 1988). "The Second Circuit utilizes a two-tiered test in determining whether collateral estoppel is applicable: (1) the issues in the two proceedings must be identical, and (2) the party sought to be estopped must have had a full and fair opportunity to contest the prior determination." *In re Kelly*, 155 B.R. 75, 78 (Bankr. S.D.N.Y. 1993) (citing *C.H. Sanders*

*Co. v. BHAP Housing Dev. Fund. Co., Inc.*, 903 F.2d 114, 121 (2d Cir. 1990) *reh'g denied*, 910 F.2d 33 (2d Cir. 1990)).

In a suit filed in this District in March of 2009, Tompkins alleged that AlliedBarton's failure to promote her to a Level II guard position violated the Equal Pay Act of 1964 and Title VII of the Civil Rights Act of 1964. *See Tompkins v. Allied Barton Security Services, Inc.*, No. 09 Civ. 1954 (RMB) (JLC), 2010 WL 3582627 at *1-2 (S.D.N.Y. Aug. 2, 2010). In a Report and Recommendation later fully adopted by District Judge Berman, Magistrate Judge Cott recommended that summary judgment be granted for AlliedBarton. *Tompkins*, 2010 WL at *1. In reaching his decision, Judge Cott determined, "Plaintiff appears to believe that, upon meeting certain requirements as set forth in the [DCAS] contract, an AlliedBarton employee is automatically made a Level II guard. The contract, however, merely lists requirements for Level II guards: it does not guarantee that an employee meeting those requirements will be elevated to a Level II position." *Id.*, at *8 n.9 (internal citations omitted). Because the issue of whether Tompkins was entitled to be classified as a Level II guard was fully and fairly litigated in the prior case, collateral estoppels bars Tompkins from raising the same issue against AlliedBarton again in this case, and her claims against AlliedBarton should be **DISMISSED**.

### 2. Tompkins's Claims Are *Res Judicata*

"The doctrine [of *res judicata*] states that once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (internal quotations omitted).This case and and the prior case before Judge Berman arose out of the same

series of transactions: AlliedBarton's failure to employ Tompkins as a Level II guard during the course of her employment with them. Because a final judgment was entered in the prior case, the parties are barred from subsequent litigation on this series of transactions, and Tompkins's claims against AlliedBarton should be **DISMISSED**.

## IV. CONCLUSION

In conclusion, I recommend that AlliedBarton's motion be **GRANTED** and that Tompkins's claims against AlliedBarton be **DISMISSED.**

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

Dated: February _1_, 2010
New York, New York

                                                **Respectfully Submitted,**

                                                */s/ Ronald L. Ellis*

                                                **The Honorable Ronald L. Ellis**
                                                **United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**
*Pro Se* Plaintiff
Cynthia Tompkins
816 E. 214 Street P.H.
Bronx, NY 10467

Counsel for Defendant
Janet B. Linn
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 1061
White Plains, NY 10606

Matthew D. Crawford
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326